UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON LIZOTTE (#432994)                  CIVIL ACTION

VERSUS

NATHAN CAIN, ET AL.                         NO. 15-0513-BAJ-EWD

**ORDER**

Before the Court are Plaintiff's Motion for Postponement of Court's Consideration of Plaintiff's … Motion for Default Judgment (R. Doc. 23), Motion for Enlargement of Time Plaintiff Has to … Serve Gary Aymond Properly (R. Doc. 32) and Request for Issuance of Summons Addressed Personally to Defendant Gary Aymond (R. Doc. 35). These motions involve Plaintiff's initial and subsequent attempts to serve Defendant Gary Aymond.

Pursuant to Order dated October 29, 2015 (R. Doc. 12), the Court directed the U.S. Marshal to serve the defendants in this case, and on or about the same date, Summons was issued to all defendants, including defendant Gary Aymond. Although Plaintiff specifically identified defendant Aymond as a "former officer" at the Louisiana State Penitentiary, *see* R. Doc. 15 at p. 10, the U.S. Marshal delivered the summons and Complaint to the office of the Louisiana Department of Public Safety and Corrections – where defendant Aymond had previously been employed – and that office erroneously accepted service on defendant Aymond's behalf. Although the Clerk of this Court thereafter entered preliminary defaults against defendant Aymond, *see* R. Docs. 20 and 27, defendant Aymond has since moved to set aside the preliminary default because he had not been properly served. *See* R. Doc. 30. Pursuant to a Magistrate Judge's Report and Recommendation in this case, the Court has recommended that defendant

Aymond's motion be granted and that the default be set aside.

Notwithstanding the foregoing, the record reflects that Defendant Aymond has now appeared in this proceeding through the filing of an Answer to Plaintiff's Complaint.  *See* R. Doc. 40.  As a result, it appears that service of process upon defendant Aymond is no longer an issue in this case, and there is now no need for the Court to address Plaintiff's instant motions addressed to service upon this defendant.[1]   Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Postponement of Court's Consideration of Plaintiff's … Motion for Default Judgment (R. Doc. 23), Motion for Enlargement of Time Plaintiff Has to … Serve Gary Aymond Properly (R. Doc. 32) and Request for Issuance of Summons Addressed Personally to Defendant Gary Aymond (R. Doc. 35) are hereby **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on April 27, 2016,

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Whereas Rule 4(m) of the Federal Rules of Civil Procedure provides that a defendant must be served within 120 days of the filing of a Complaint, the Rule further provides that this time period must be extended for an appropriate period when there is good cause for the delay.  In light of the appointment of the U.S. Marshal for service in this case, in light of the erroneous acceptance of service by the Louisiana Department of Public Safety and Corrections, and in light of the subsequent appearance of defendant Gary Aymond in this proceeding, the Court finds that service upon this defendant has been effected within a reasonable time under Rule 4(m).