UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BRANDON LIZOTTE (#432994)**          **CIVIL ACTION**

**VERSUS**

**NATHAN CAIN, ET AL.**          **NO. 15-0513-BAJ-EWD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 27, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BRANDON LIZOTTE (#432994)**                           **CIVIL ACTION**

**VERSUS**

**NATHAN CAIN, ET AL.**                                 **NO. 15-0513-BAJ-EWD**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court are Plaintiff's Notice of … Motion for Judgment in Default (R. Doc. 19) and defendant Gary Aymond's Motion to Set Aside Preliminary Default (R. Doc. 30), both of which have been referred to the undersigned for a Report and Recommendation.  *See* R. Docs. 34 and 38.

*Pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, former Warden Nathan Burl Cain, Legal Programs Director Trish Foster, Col. Donovan Dupuy, Lt. Shanika Jarvis, Lt. Peter Lollis, Capt. Michael Jack, Lt. Mitchell McGehee, Capt. Joseph Landry, Capt. Hooper, Major Trent Barr, MSgt. S. McGehee, MSgt. M. Reagan and Major Gary Aymond.  In short, Plaintiff complains that his constitutional rights were violated on August 14, 2014 when defendant Aymond confiscated a draft manuscript of a work of fiction that Plaintiff was writing that apparently included descriptions of sexual conduct and references to a former LSP employee. When Plaintiff's sister called the prison to complain about the confiscation, defendant Aymond verbally threatened Plaintiff and issued Plaintiff a false disciplinary report, contending that Plaintiff's manuscript was "contraband" because it "contained very explicit words throughout the whole thing."  Plaintiff alleges that at a subsequent disciplinary board hearing, he

accepted a "plea bargain" and received only a reprimand in connection with the referenced disciplinary charge. Notwithstanding, Plaintiff submitted an administrative grievance to prison officials, complaining about defendant Aymond's conduct and threats. Plaintiff complains that defendant Aymond and other officers thereafter learned of the grievance and conspired to retaliate against Plaintiff. According to Plaintiff, this retaliation took the form of a second disciplinary report issued on September 5, 2014 and in defendant Aymond subjecting Plaintiff to excessive force on the same date. Plaintiff further complains that he was thereafter wrongly found guilty of the referenced disciplinary report and sentenced to punitive segregated confinement at Camp J at LSP. In addition to the foregoing, Plaintiff complains that on several occasions, prison officials have refused to allow him to receive publications that he has ordered from outside the prison.

Pursuant to Order dated October 29, 2015 (R. Doc. 12), the Court directed the U.S. Marshal to serve the defendants in this case and, on or about the same date, Summons was issued as to all defendants, including Gary Aymond. Although Plaintiff specifically identified defendant Aymond as a "former officer" at the Louisiana State Penitentiary, *see* R. Doc. 15 at p. 10, the Marshal delivered the summons and Complaint to the office of the Louisiana Department of Public Safety and Corrections – where defendant Aymond had previously been employed – and that office erroneously accepted service on defendant Aymond's behalf. The Clerk of this Court thereafter entered preliminary defaults against defendant Aymond, *see* R. Docs. 20 and 27. Defendant Aymond now moves to set aside the preliminary defaults, asserting that he was not then properly served and so was not legally obligated to make an appearance. In addition to the foregoing, the record reflects that defendant Aymond has since appeared in this proceeding through the filing of an Answer to Plaintiff's Complaint. *See* R. Doc. 40.

Rule 55(a) provides that, upon the failure of a defendant, after service of process, to file a pleading or otherwise defend, the Clerk of Court shall enter a default against that defendant.

Thereafter, pursuant to Rule 55(b), a plaintiff may apply to the Court for entry of a judgment of default. However, "[u]ntil the plaintiff serves the defendant, the defendant has no duty to answer the complaint and the plaintiff cannot obtain a default judgment." *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999). In addition, a judgment of default is not a matter of right, and the awarding thereof is within the sound discretion of the district court. *Id*. at 936; *Bavouset v. Shaw's of San Francisco*, 43 F.R.D. 296, 297 (S.D. Tex. 1967). Default judgments are not favored in the law, and a trial on the merits is generally seen to be more in the interest of justice and fair play. *United States v. One Parcel of Real Property,* 763 F.2d 181, 183 (5th Cir. 1985). Further, the decision to set aside an entered default lies within the sound discretion of the district court and is based upon whether the party seeking relief is able to show good cause. *Hargray v. City of New Orleans*, 12 F.3d 1099 (5th Cir. 1993).

Applying the above standard to the facts of the instant case, the Court concludes that the defaults entered against Gary Aymond should be vacated. It appears in fact that the failure of defendant Aymond to file a timely answer or response to Plaintiff's Complaint was not willful and was, instead, based on the fact that defendant Aymond had not been properly served. Specifically, whereas the Louisiana Department of Public Safety and Corrections routinely accepts service of process on behalf of persons employed by the Department, defendant Aymond was not so employed at the time that service was accepted on his behalf. As a result, service of process upon defendant Aymond was neither personal nor domiciliary and was not made upon a person authorized to accept service on his behalf, either by agreement or by operation of law. Thus, service was not effected upon defendant Aymond as provided in Rule 4(e) of the Federal Rules of Civil Procedure or in accordance with Louisiana law, as Rule 4(e)(1) allows. Thus, defendant Aymond was not properly served and was not legally obligated to appear in this proceeding, and the Court finds that the referenced defaults should be vacated. Accordingly,

RECOMMENDATION

It is recommended that the Motion to Set Aside Preliminary Default of defendant Gary Aymond (R. Doc. 30) be granted, vacating and setting aside the defaults entered herein on January 4 and 7, 2016 (R. Docs. 20 and 27) against this defendant. It is further recommended that Plaintiff's Notice of … Motion for Judgment in Default (R. Doc. 19) be denied and that this matter be referred back to the undersigned for further proceedings.

Signed in Baton Rouge, Louisiana, on April 27, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**