# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**BRANDON LIZZOTTE (#432994)**                       CIVIL ACTION

**VERSUS**

**NATHAN CAIN, ET AL.**                              NO.:15-00513-BAJ-EWD

## RULING AND ORDER

Before the Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 54)**, pursuant to 28 U.S.C. § 636(b)(1), addressing Defendants' Motions to Dismiss of Plaintiff's 42 U.S.C. § 1983 claims. (Docs. 24, 36). The Magistrate Judge recommended that Defendants' first-filed Motion to Dismiss (Doc. 24) be granted, dismissing Plaintiff's claims asserted against Defendants in their official capacities for monetary damages. The Magistrate Judge also recommended that the second-filed Motion to Dismiss of Defendants Burl Cain, James LeBlanc, Trish Foster, Shanika Jarvis, Kristen Hooper, Trent Barr, Peter Lollis and Joseph Landry (Doc. 36) be granted, dismissing Plaintiff's claims asserted against these Defendants in their entirety, with prejudice, and that this matter be referred back to the Magistrate Judge for further proceedings. Finally, the Magistrate Judge recommended that this Court decline the exercise of supplemental jurisdiction on the state law claims.

The Report and Recommendation notified Plaintiff that, pursuant to 28 U.S.C. § 636(b)(1), he had fourteen (14) days from the date he received the Report and

Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 54 at p. 1). Plaintiff timely filed an objection (Doc. 55).[1]

Having carefully considered the underlying Complaint, the instant motions, and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts the findings of fact, conclusions of law, and recommendation.

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report and Recommendation (Doc. 54)** is **ADOPTED** as the Court's opinion herein.

---

[1] Plaintiff objects to the Report and Recommendation on four grounds: (1) that the Magistrate Judge clearly erred by denying Plaintiff's Eighth Amendment Claims for lack of a showing of deliberate indifference; (2) the Magistrate Judge erred by not mentioning that Plaintiff was no longer in possession of the written material that had been confiscated from him; (3) that Defendants Lollis and Landry were deliberately indifferent when they left Plaintiff alone with Defendant Aymond; and finally (4) that the Magistrate Judge erred by recommending that this Court decline supplemental jurisdiction of the state law claims. Regarding Plaintiff's first objection, in so far as Plaintiff pleads deliberate indifference in relation to claims outside of the purview of the Eighth Amendment, such standard does not apply outside of conditions of confinement claims. Further, Plaintiff did not plead facts to show that the prison administration was deliberately indifferent to a condition of confinement. Regarding the second objection, the fact the Magistrate Judge failed to discuss the issue of ownership of the book at the time of the disciplinary hearing is irrelevant, especially in light of the wide latitude that prison officials have to conduct their own disciplinary proceedings and issue punishment. *See Washington v. Parker*, 53 F.3d 1282, *3 (5th Cir. 1995) (establishing high standards for overturning state disciplinary procedures). Plaintiff's third objection also fails because he does not adequately allege that Defendants Lollis and Landry were aware that Plaintiff would be harmed. Instead, he alleges that these Defendants were merely negligent for not knowing such. This is not enough to show "deliberate indifference" of harm to Plaintiff. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994) ("[D]eliberate indifference entails something more than mere negligence."). Regarding his fourth objection, the Magistrate Judge did not err by recommending that this Court decline to exercise supplemental jurisdiction. Exercising supplemental jurisdiction over state law claims is discretionary. *City of Chicago v. Int'l Coll. Of Surgeons*, 522 U.S. 156, 173-74 (1997). In this case, Plaintiff failed to offer compelling reasons to extend jurisdiction, especially in light of the dismissal of Plaintiff's federal claims.

**IT IS FURTHER ORDERED** that Defendants' **Motion to Dismiss (Doc. 24)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' **Motion to Dismiss (Doc. 36)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's 42 U.S.C. § 1983 claims against Defendants in their official capacity for monetary damages are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's 42 U.S.C. § 1983 claims against Defendants Burl Cain, James LeBlanc, Trish Foster, Shanika Jarvis, Kristen Hooper, Trent Barr, Peter Lollis and Joseph Landry are **DISMISSED WITH PREJUDICE**.

Baton Rouge, Louisiana, this 27th day of September, 2016.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**